UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-74

| CHARLES CARSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
| v. | ) |  |
|  | ) | **ORDER** |
| NORTH CAROLINA DEPT. | ) |  |
| OF PUBLIC SAFETY, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on an initial review of the habeas petition filed pursuant to 28 U.S.C. § 2254. See Rule 4 of the Rules Governing Section 2254 Cases.

### I. BACKGROUND

According to his verified petition, Petitioner is a North Carolina prisoner who has been incarcerated since September 29, 2004, following his conviction by a jury in Mecklenburg County Superior Court on charges of first-degree burglary, larceny, assault on a government official, and resisting arrest. Petitioner was sentenced to a term of 13-years and 10-months and according to the website of the North Carolina Department of Public Safety his projected release date is November 1, 2016.

Petitioner asserts that he appealed the conviction but he does not disclose the disposition of the appeal. A search of the Westlaw database shows that Petitioner did in fact appeal his judgment. His counsel filed an Anders[1] brief contending that there were no meritorious issues for appeal. Petitioner filed a pro se brief arguing both ineffective assistance of trial and appellate counsel, and trial court error; the court of appeals rejected each of his arguments as meritless and

---
[1] Anders v. California, 386 U.S. 738 (1967).

1

affirmed his judgment in all respects. State v. Carson, 634 S.E.2d 273 (Table), 2006 WL 2529627 (N.C. Ct. App.); cert. denied, 660 S.E.2d 54 (N.C. 2008). Petitioner states that he filed a petition for relief in Mecklenburg County Superior Court although he fails to provide any information regarding the outcome however the North Carolina Supreme Court denied his petition to review the superior court order. State v. Carson, No. 609-P07-2 (N.C. Mar. 19, 2009). In all, Petitioner avers that he filed three unsuccessful petitions in state court with the last such petition for a writ of certiorari apparently denied by the North Carolina Supreme Court in 2009.

In his § 2254 petition, Petitioner raises three grounds for relief. First, Petitioner challenges his prosecution in Mecklenburg County Superior Court contending that he was not properly notified or present for the proceedings. (Doc. No. 1 at 5, 6). Second, Petitioner appears to challenge his prosecution on account of his race. Finally, Petitioner presents another racial challenge and argues that the superior court lacked jurisdiction to try him on the criminal charges because he is black and therefore not a citizen of the United States.

## II.     DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), as amended in 1996, provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from timely filing;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Petitioner's criminal judgment was filed on September 29, 2004, and from this record and the publicly available sources, it appears that the last collateral relief Petitioner sought was denied in 2009. Petitioner signed his § 2254 petition on January 30, 2014, thus it appears that it is clearly untimely. (Doc. No. 1 at 15). In response to the issue of timeliness, Petitioner contends that he was not given proper notice of his prosecution and that his present detention is therefore unlawful. (Id. at 14).

First, Petitioner's contention that he did not have notice or was not present for his trial is belied by the record. On direct appeal, the court of appeals opinion discusses clear instances where Petitioner confers with his counsel during the course of his trial and specifically noted that the trial court addressed Petitioner and confirmed that he did not wish to present any evidence. Carson, 2006 WL 2529627, at *2. Second, Petitioner's arguments that the superior court did not have jurisdiction to try him are plainly frivolous and they would be denied even if timely presented. Finally, the Court finds that Petitioner's § 2254 is clearly time-barred and his frivolous arguments certainly provide no grounds for equitable tolling.[2]

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2254 will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

---

[2] A habeas petition may be examined on the merits, in very limited circumstances, if it is untimely under § 2244(d). See Holland v. Florida, 560 U.S. 631 (2010). A petitioner seeking the benefit of equitable tolling must demonstrate to the court that he had been diligently pursuing his claims and that an extraordinary circumstance prevented his timely habeas petition. Id. at 655 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

1. Petitioner's motion to proceed in forma pauperis is **GRANTED**. (Doc. No. 2).

2. Petitioner's petition for a writ of habeas corpus is **DISMISSED** as untimely (Doc. No. 1);

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: February 27, 2014

Frank D. Whitney
Chief United States District Judge

4